IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HENRY MACK, #671331, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1257-O |
| | ) | |
| PAUL S. KENDALL, Administrative | ) | |
| Law Judge, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of mandamus brought by a state inmate pursuant to 28 U.S.C. § 1361. Along with his petition, Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Holliday Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Defendant is Administrative Law Judge (ALJ) Paul S. Kendall. The court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff filed this action seeking to compel ALJ Kendall to reconsider his claim of supplemental social security income in accordance with the order of remand in *Mack v. Commissioner of Social Security*, 3:06cv851-B(BH) (N.D. Tex., Dallas Div. -

Feb. 29, 2008). Following the remand of Cause No. 3:06cv851-B, the Appeals Council remanded Plaintiff's social security case to the Dallas Downtown ODAR Hearing Office, where it is presently pending before ALJ Churchill. (*See* Shane Read's status report filed August 15, 2008, in No. 3:06cv0851-B). It appears that further administrative proceedings would be difficult for the ALJ to schedule because of Plaintiff's current incarceration. (*Id.*).

<u>Findings and Conclusions</u>: Since Plaintiff's petition for writ of mandamus does not stem from state or federal habeas proceedings, it is subject to the Prison Litigation Reform Act (PLRA). The PLRA amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

On August 23, 2001, the United States Court of Appeals for the Fifth Circuit concluded that Plaintiff could not longer proceed *in forma pauperis* in any civil action or appeal because he had accumulated three strikes. *See Mack v. Scott*, No. 00-21030 (5th Cir. Aug. 23, 2001) (unpublished per curiam). A review of the U.S. Party and Case Index supports the above conclusion. Plaintiff has on three prior occasions, while incarcerated or detained as a prisoner, brought an *in forma pauperis* action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Mack v. Mohr, et al.,* 3:95cv393 (S.D. Tex.-Galveston Div. March 6, 1998) (district court action

dismissed as frivolous), *affirmed*, No. 98-40375 (5th Cir. Feb. 9, 1999) (appeal dismissed as frivolous); *Mack v. Scott, et al.*, 4:98cv2550 (S.D. Tex.-Houston Div. Oct. 18, 2000) (district court case dismissed as frivolous and for failure to state a claim following *Spears* hearing), *affirmed*, No. 00-21030 (5th Cir. Aug. 23, 2001).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he filed the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The petition for writ of mandamus, which seeks to compel the ALJ to re-consider his supplemental social security claim, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *See also Banos*, 144 F.3d at 883-84. Therefore, the District Court should find that Plaintiff is barred from proceeding *in forma pauperis* and dismiss his petition for writ of mandamus unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis,* and DISMISS the petition for writ of mandamus as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of August, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.